[Cite as *State v. Grimes*, 2026-Ohio-2739.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30655 |
| Appellee | : | |
| | : | Trial Court Case No. 2004 CR 00237/1 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| MATTHEW G. GRIMES | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 17, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

TUCKER, J., and EPLEY, J., concur.

JOHN M. GONZALES, Attorney for Appellant
ANDREW T. FRENCH, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Appellant Matthew G. Grimes appeals from the Montgomery County Common Pleas Court's judgment denying his Crim.R. 32.1 post-sentence motion to withdraw guilty plea. For the reasons outlined below, the trial court did not err by applying the doctrine of res judicata to deny the motion. Accordingly, the judgment of the trial court is affirmed.

**Facts and Course of Proceedings**

{¶ 2} In October 2004, Grimes entered guilty pleas to ten felony offenses and eleven specifications. Grimes entered his guilty pleas pursuant to a plea agreement in which the parties agreed that Grimes would receive no more than 50 years in prison. At sentencing, the trial court accepted the agreed sentence and imposed a 50-year prison term. Additionally, the trial court found that by committing the convicted offenses, Grimes had violated his community control in a separate case, Montgomery C.P. No. 2002 CR 317. In light of the community control violation, the trial court sentenced Grimes to a total of five years in prison and ordered that sentence to run concurrently with the 50-year prison sentence. Grimes did not file a direct appeal from his convictions.

{¶ 3} Six years later, Grimes filed a pro se motion to invalidate his plea agreement as unconstitutional. In the motion, Grimes argued that the trial court failed to advise him of his constitutional rights and the effect of waiving those rights when he entered his guilty pleas. Grimes also argued that his trial counsel provided ineffective assistance during his guilty pleas, because counsel failed to advise him of his constitutional rights.

2

{¶ 4} The trial court overruled Grimes' motion for multiple reasons—one being the doctrine of res judicata. Specifically, the trial court found that Grimes could have directly appealed his claim that the trial court had failed to advise him of his constitutional rights and therefore it was barred by res judicata. The trial court also found that the portion of Grimes' motion alleging ineffective assistance of counsel was a petition for postconviction relief because it asserted a constitutional violation, and that the petition was untimely because it was filed beyond the 180-day deadline under the version of R.C 2953.21(A) that was in effect at that time. The trial court further found that if the motion were construed as a Crim.R. 32.1 post-sentence motion to withdraw guilty plea, it would fail because Grimes did not demonstrate manifest injustice. Grimes did not appeal the trial court's judgment overruling the motion.

{¶ 5} Four years later, in 2014, Grimes filed a pro se motion to overturn his conviction and set aside his sentence. In the motion, Grimes argued, among other things, that his guilty pleas were invalid, because of police coercion and prosecutorial misconduct. He also argued that he received ineffective assistance of counsel, because counsel failed to protect his speedy-trial rights, did not inform the trial court about the police coercion and prosecutorial misconduct, and failed to advise him that his guilty pleas waived his right to appeal his speedy-trial claim.

{¶ 6} The trial court overruled Grimes' motion as untimely to the extent that it was a petition for postconviction relief. To the extent that the motion was a Crim.R. 32.1 post-sentence motion to withdraw guilty plea, the trial court overruled it for Grimes' failure to demonstrate manifest injustice. The trial court found no evidence of coercion or misconduct with regard to his guilty pleas and no evidence of ineffective assistance of counsel. Grimes appealed the trial court's decision.

3

{¶ 7} In *State v. Grimes*, 2017-Ohio-25 (2d Dist.), this court affirmed the trial court's judgment overruling Grimes' motion. In doing so, this court found that "[a]ny issues related to the knowing, intelligent, and voluntary nature of [Grimes'] guilty plea could have been raised in a direct appeal" and that "res judicata precludes him from raising those issues." *Id*. at ¶ 8. This court further recognized that, with regard to plea-withdrawal motions, "no 'manifest injustice' exists, as required for relief under Crim.R. 32.1, when the argument upon which the defendant's plea-withdrawal motion relies could have been raised on direct appeal." *Id*. at ¶ 12.

{¶ 8} Eight years after our decision in *Grimes*, on May 28, 2025, Grimes filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The foundational premise underlying the motion was that, according to Grimes, R.C. 2929.41(B)(3) required the trial court to run the five-year prison sentence that he received for his community control violation consecutively to his 50-year prison sentence, as opposed to concurrently. Grimes claimed that R.C. 2929.41(B)(3) required "[a] sentence of imprisonment [to] be served consecutively to any other sentence of imprisonment when . . . it is imposed for a new felony committed by a probationer, a parolee, or escapee." (Emphasis deleted.) May 28, 2025 Memorandum, p. 2. As a result of that alleged requirement, Grimes argued that his guilty plea was not knowingly, intelligently, and voluntarily entered, because "the plea bargain was non-performable" given that the promised sentence was "'less than what is clearly required by law.'" *Id*., quoting *State v. Barajas-Larios*, 2008-Ohio-5460, ¶ 19 (2d Dist.).

{¶ 9} Grimes raised the foregoing argument despite receiving no more than 50 years in prison as promised by the plea agreement. He focused on his sentence's alleged lack of compliance with R.C. 2929.41(B)(3) and attacked the validity of his guilty pleas on that basis. Specifically, he asserted that R.C. 2929.41(B)(3) had required his five-year prison sentence

4

for his community control violation to have been imposed consecutively to his 50-year prison sentence, which would have exceeded the 50-year sentence that the parties had agreed to. In addition, Grimes claimed that his trial counsel was ineffective for failing to realize that the plea agreement was "not fulfillable" under this scenario and for advising him to accept the plea agreement. *Id*. Grimes further argued that the trial court's acceptance of the plea agreement was plain error, because the agreed sentence was allegedly unlawful and void.

**{¶ 10}** In ruling on Grimes' motion, the trial court did not address the merits of Grimes' arguments but instead denied the motion on grounds that his arguments were barred by the doctrine of res judicata. Specifically, the trial court stated:

Defendant is requesting the same relief in the present motion that has already been decided by this Court on more than one occasion and by the Second District Court of Appeals. "[T]he Ohio Supreme Court made it clear in [*State v. Ketterer*, 2010-Ohio-3831 ¶ 59-60], that res judicata does apply to a plea-withdrawal motion and is a valid basis for rejecting claims that were or could have been raised at trial or on appeal." *State v. Preston*, 2020-Ohio-1042, ¶ 13 (2d Dist.). "And more recently, in *State v. Straley*, the Court pointedly said that '[r]es judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *Id*., citing [*State v. Straley*, 2019-Ohio-5206, ¶ 23], citing *Ketterer* at ¶ 59. "[A]ny claimed ineffective assistance of counsel should have been raised on direct appeal and is now barred by res judicata." *Id*., citing [*State v. Kemp*, 2014-Ohio-4607, ¶ 16 (2d Dist.)].

{¶ 11} Grimes now appeals from the trial court's judgment denying his 2025 Crim.R. 32.1 post-sentence motion to withdraw guilty plea and raises four assignments of error for review.

**First Assignment of Error**

{¶ 12} Under his first assignment of error, Grimes claims that the trial court erred by applying the doctrine of res judicata to deny his Crim.R. 32.1 post-sentence motion to withdraw guilty plea. We disagree.

{¶ 13} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). In other words, "[r]es judicata precludes any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order*." State v. Frazier*, 2021-Ohio-4155, ¶ 14 (2d Dist.), citing *State v. Miller*, 2021-Ohio-232, ¶ 21 (2d Dist.), and *Perry*. "[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 2006-Ohio-1245, ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925).

{¶ 14} With regard to res judicata's application to Crim.R. 32.1 post-sentence plea-withdrawal motions, this court has stated the following:

The doctrine of res judicata bars a defendant from raising matters in a post-sentence Crim.R. 32.1 motion that ""'could fairly [have] be[en] determined" in a direct appeal from his conviction, without resort to evidence outside the

record.'" [*State v. Wilson*, 2014-Ohio-1764, ¶ 28 (2d Dist.), quoting *State v. Tekulve*, 2010-Ohio-3604, ¶ 5 (1st Dist.)]. Additionally, "if a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied." (Footnote omitted.) [*State v. Brown*, 2004-Ohio-6421, ¶ 7 (8th Dist.). *Accord State v. Hildebrand*, 2013-Ohio-2122, ¶ 5 (2d Dist.); *State v. Moncrief*, 2013-Ohio-4571, ¶ 8 (10th Dist.)]. "The doctrine of res judicata applies to the second and all successive postsentence motions to withdraw a plea under Crim.R. 32.1, whether the original motion is properly labeled as a Crim.R. 32.1 motion or not." (Citations omitted.) [*State v. Burnside*, 2010-Ohio-3158, ¶ 5 (7th Dist.)].

*State v. Fannon*, 2014-Ohio-2673, ¶ 11 (2d Dist.)

{¶ 15} In this case, all the claims raised in Grimes' Crim.R. 32.1 post-sentence motion to withdraw guilty plea hinge on his argument that the trial court was allegedly required by R.C. 2929.41(B)(3) to run the five-year prison sentence he received for his community control violation consecutively with his 50-year prison sentence, as opposed to concurrently. According to Grimes, owing to this requirement, his negotiated plea agreement could not have been fulfilled, and thus his guilty pleas were invalid. Even though this argument could have been raised 21 years ago in a direct appeal and does not resort to evidence outside the record, Grimes claims that the doctrine of res judicata does not bar the argument, because the alleged error concerning R.C. 2929.41(B)(3) renders his plea and sentence void and because res judicata does not apply to void judgments. This argument fails for multiple reasons.

7

**{¶ 16}** First, the argument fails because the alleged error under R.C. 2929.41(B)(3) is non-existent. Grimes incorrectly asserts that R.C. 2929.41(B)(3) required the trial court to run the five-year prison sentence he received for his community control violation consecutively with his 50-year prison sentence. R.C. 2929.41 has been amended several times, and Grimes is relying on a former version of the statute that was not in effect at the time he was sentenced in 2004. In *State ex rel. Oliver v. Turner*, 2018-Ohio-2102, ¶ 6-7, the Supreme Court of Ohio explained how the statute has changed:

> Prior to 1996, R.C. 2929.41 provided:
>
> > (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
> >
> > . . .
> >
> > (3) When it is imposed for a new felony committed by a probationer, parolee, or escapee.
>
> Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 6396. Thus, under former R.C. 2929.41, it was mandatory that a sentence for a new felony committed while an offender was on parole run consecutively to the sentence for any other offense.
>
> However, the law changed with the 1995 passage of Am.Sub.S.B. No. 2, which deleted R.C. 2929.41(B)(3) effective July 1, 1996. 146 Ohio Laws, Part IV, 7136, 7502. Under the new law, all sentences of imprisonment "shall be served concurrently." R.C. 2929.41(A). A sentencing judge may still impose consecutive sentences if he or she makes certain findings, including a finding that consecutive sentences are necessary to protect the public or to punish

8

the offender. R.C. 2929.14(C)(4); [*State v. Bonnell*, 2014-Ohio-3177, ¶ 37.] The fact that a defendant was on probation or parole for a prior offense is now simply one factor that a court may cite as grounds for imposing consecutive sentences, R.C. 2929.14(C)(4)(a), not a circumstance that *requires* consecutive sentences.

(Emphasis in original.)

{¶ 17} Grimes' res judicata argument also fails because the alleged error under R.C. 2929.41(B)(3) would have rendered his plea and sentence merely voidable. "[W]hen a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *State v. Harper*, 2020-Ohio-2913, ¶ 26, citing *Pratts v. Hurley*, 2004-Ohio-1980 ¶ 12, 21. Here, it was within the trial court's subject-matter jurisdiction to accept the parties' plea agreement and to sentence Grimes. Had the trial court erred in doing any of those things, any such error would have made the judgment voidable. It is well established that when a judgments is voidable, any error should be challenged on direct appeal, and the principles of res judicata apply. *State v. Snodgrass*, 2024-Ohio-2830, ¶ 15 (2d Dist.), citing *State ex rel. Romine v. McIntosh*, 2020-Ohio-6826, ¶ 12; *State v. Tolson*, 2023-Ohio-3734, ¶ 16 (2d Dist.) ("if a judgment is merely voidable, not void, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal of that judgment, claims that were raised or could have been raised in the trial court"); *Harper* at ¶ 26 ("[g]enerally, a voidable judgment may be set aside only if successfully challenged on direct appeal").

{¶ 18} For the foregoing reasons, Grimes' argument that the doctrine of res judicata does not apply to the claims raised in his Crim.R. 32.1 post-sentence motion to withdraw guilty plea lacks merit. Because those claims could have been raised 21 years ago on direct

appeal, they are now barred by res judicata. We note that Grimes not only failed to raise the claims on direct appeal, but he also failed to raise them in the post-conviction motions he filed in 2010 and 2014. Accordingly, the trial court correctly denied Grimes' Crim.R. 32.1 post-sentence motion to withdraw guilty plea on res judicata grounds.

{¶ 19} We separately note that even if res judicata did not operate to bar the claims raised in Grimes' motion, "'[a] post-sentence motion to withdraw guilty plea may be made only to correct a manifest injustice.'" *Fannon*, 2014-Ohio-2673 at ¶ 14 (2d Dist.), quoting *State v. Beavers*, 2012-Ohio-3654, ¶ 7 (10th Dist.), citing Crim.R. 32.1. "Manifest injustice "'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.'"" *Id.*, quoting *State v. Tabor*, 2009-Ohio-2657, ¶ 6 (10th Dist.), quoting *State v. Price*, 2008-Ohio-3583, ¶ 11 (4th Dist.). "'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" *State v. Brooks*, 2010-Ohio-1682, ¶ 8 (2d Dist.), quoting *State v. Hartzell*, 1999 WL 957746, *2 (2d Dist. Aug. 20, 1999). "The movant has the burden to demonstrate that a manifest injustice occurred." *Id.*, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

{¶ 20} In this case, Grimes received the sentence he was promised in the plea agreement, and there was no error under R.C. 2929.41(B)(3) as alleged by Grimes. Because of this, Grimes failed to establish manifest injustice. Even if it had been erroneous for the trial court to run Grimes' five-year prison sentence for his community control violation concurrently with his 50-year prison sentence, Grimes still would not be able to establish manifest injustice because the alleged error benefited Grimes. He received concurrent

instead of consecutive sentences. For these reasons, Grimes' motion would have failed even without the application of res judicata.

{¶ 21} Because the trial court correctly applied the doctrine of res judicata to deny Grimes' Crim.R. 32.1 post-sentence motion to withdraw guilty plea, Grimes' first assignment of error is overruled.

## Second, Third, and Fourth Assignments of Error

{¶ 22} Under his second, third, and fourth assignments of error, Grimes claims that his trial counsel provided ineffective assistance by advising him to plead guilty according to the parties' plea agreement. Grimes also claims that the trial court erred and misapplied the law by accepting the plea agreement and by ordering his five-year prison sentence for his community control violation to run concurrently with his 50-year prison sentence. As previously discussed, these arguments are all based on Grimes' faulty claim that R.C. 2929.41(B)(3) required his sentences to be served consecutively as opposed to concurrently. For the reasons discussed under the first assignment of error, these arguments are barred by the doctrine of res judicata. Accordingly, Grimes' second, third, and fourth assignments of error are overruled.

## Conclusion

{¶ 23} Having overruled all of Grimes' assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and EPLEY, J., concur.

11